IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Joan M. Flynn<br><br>Plaintiff,<br><br>v.<br><br>State Employees Credit Union of Maryland, Inc.<br><br>   Serve:  The Corporation Trust, Inc.<br>                2405 York Road<br>                Suite 201<br>                Lutherville Timonium, MD 21093<br><br>Defendant. | Case No:<br><br>COMPLAINT<br>&<br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff Joan M. Flynn ("Ms. Flynn"), by and through her undersigned counsel, hereby complains against Defendant State Employees Credit Union of Maryland, Inc. ("SECU") for violations of Title VII of the Civil Rights Act of 1964, and asserts the following:

### PARTIES

1. Ms. Flynn is a resident of Annapolis, Anne Arundel County, Maryland. Ms. Flynn was formerly employed by SECU as a Business Relationship Banker at its headquarters in Linthicum Heights, Maryland.

2. SECU is a Maryland corporation with its principal place of business in Linthicum Heights, Maryland. SECU regularly conducts and directs business in the State of Maryland.

## JURISDICTION & VENUE

3. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because Ms. Flynn's causes of action arise under federal law.

4. Because SECU's resides is in Maryland, this Court has general personal jurisdiction over them, and venue is proper under 28 U.S.C. § 1391(b)(1).

5. Ms. Flynn has exhausted her administrative remedies and is filing this Complaint within 90 days of receiving her "Notice of Right to Sue" from the Equal Employment Opportunity Commission.

## FACTS COMMON TO ALL COUNTS

6. Ms. Flynn is a commercial banking professional with over 30 years of experience in the banking industry. She was hired by SECU in October 2016 to serve in the position of Business Relationship Banker.

7. Ms. Flynn's experience included a large portfolio of clients that she brought with her to SECU when she began her employment.

8. Ms. Flynn was looking forward to many years of continued employment with SECU and had turned down other offers of employment to accommodate a position with them.

9. Shortly after Ms. Flynn began her employment, SECU hired Mr. Dale Skinner, an African American male with limited commercial banking experience, no portfolio of clients to bring to the organization, and much less commercial banking experience than Ms. Flynn.

10. Despite his lack of experience and business contributions, SECU hired Mr. Skinner as a Senior Business Relationship Banker and paid him more money than Ms. Flynn.

11. Nevertheless, Ms. Flynn was doing very well in her position as Business Relationship Banker and had not only brought a substantial amount of accounts with

her but was also working on a commercial credit team with four other members — all of whom were men.

12. Ms. Flynn had no disciplinary problems and was performing her duties at a level that earned her bonuses and above-standard ratings on her performance evaluations.

13. On or about November 26, 2018, after over two years in her position, Mr. Rodney Reed, the Commercial Credit manager, circulated an e-mail to other members of management as well as employees within the organization, intentionally and maliciously impugning Ms. Flynn's professional capabilities.

14. After learning this, Ms. Flynn immediately contacted Ms. Jessica Smith, the Manager of Human Resources for SECU, and made her aware of Mr. Reed's inappropriate e-mail forwarded within the organization.

15. After reviewing the e-mail, Ms. Smith immediately agreed that it was totally inappropriate and that the matter would be addressed with Mr. Reed.

16. Ms. Smith subsequently set up a conference call to be held on Friday, November 30, 2018 at 08:30 a.m. with Mr. Steve Hazen, Ms. Flynn's second-level supervisor, to discuss Mr. Reed's transgressions.

17. After the meeting was conducted, Ms. Flynn was advised that appropriate action would be taken against Mr. Reed — which ultimately was a letter of warning allegedly placed in Mr. Reed's personnel file.

18. On November 30, 2018, Ms. Flynn was called to another meeting beginning at 11:30 a.m. and informed that she was being terminated from her position.

19. When Ms. Flynn asked Ms. Smith why she was being terminated, she was not given any legitimate reason for the discharge.

20. Shortly after her termination, Ms. Flynn was replaced by SECU with a less qualified white male.

21. Subsequent to the illegal employment practice complained of in this

complaint, Ms. Flynn filed an appropriate and timely charge in writing with the Equal Employment Opportunity Commission complaining that SECU had wrongfully terminated her because of her gender, harassment, and retaliation for her complaining of Mr. Reed's representative's treatment of her.

22. On or about August 5, 2020, the Equal Employment Opportunity Commission issued Ms. Flynn a letter advising her of her right to bring suit against SECU.

## COUNT I – GENDER-BASED DISCRIMINATION

23. Ms. Flynn re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

24. In wrongfully discharging her from her position as a Business Relationship Banker, SECU discriminated against Ms. Flynn solely because of her gender.

25. SECU committed an unlawful employment practice as defined in 42 U.S.C. § 2000-e2(a)(1).

26. The unlawful employment practices charged in this Complaint were committed by SECU through its agent and representative, Ms. Smith, purposefully and intentionally.

## COUNT II – RETALIATION

27. Ms. Flynn re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

28. SECU discriminated against Ms. Flynn solely because of her having complained to a Human Resources superior about the disparate treatment she was receiving from her male superior.

29. SECU committed an unlawful employment practice as defined in 42 U.S.C. § 2000-e2(a)(1).

30. In terminating Ms. Flynn based on her prior protected activity of complaining of illegal discrimination in the workplace, SECU wrongfully discharged Ms. Flynn from her employment in violation of the law.

## COUNT III – DISPARATE TREATMENT

31. Ms. Flynn re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

32. Ms. Flynn was as or more qualified than Mr. Skinner when they were both hired.

33. Despite her superior qualifications, SECU gave Ms. Flynn a less prestigious title and paid her a lower salary.

## COUNT IV – WRONGFUL DISCHARGE

34. Ms. Flynn re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

35. In terminating Ms. Flynn solely based on her gender, SECU wrongfully discharged her from employment in violation of Maryland's public policy.

36. Ms. Flynn is entitled to general, compensatory, and punitive damages.

**WHEREFORE,** Ms. Flynn demands judgment against SECU as follows:
  a. That the Court order SECU to immediately rehire Ms. Flynn to her previous position;
  b. That the Court order SECU to pay Ms. Flynn all compensation she would have received had she not been improperly discharged;
  c. That the Court award Ms. Flynn compensatory and punitive damages in an amount to be proven at trial;
  d. That the Court award Ms. Flynn the costs of this action, including reasonable attorney fees; and
  e. Any additional relief the Court deems appropriate.

Dated: September 30, 2020

Respectfully Submitted,

By: _____/s/_____
Mark W. Howes, Esq.
Federal Bar No. 09489
Law Offices of Mark W. Howes, LLC
1906 Towne Centre Boulevard
Suite 275
Annapolis, Maryland 21401
(410) 266-1041
(410) 266-1449 (fax)
mwhowes@markhoweslaw.com

By: _____/s/_____
Alexander J. Sass
Federal Bar No. 21206
Law Offices of Mark W. Howes, LLC
1906 Towne Centre Boulevard
Suite 275
Annapolis, Maryland 21401
(410) 266-1041
(410) 266-1449 (fax)
asass@markhoweslaw.com

*Counsel for Plaintiff*

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Joan M. Flynn<br><br>Plaintiff,<br><br>v.<br><br>State Employees Credit Union of Maryland, Inc.<br><br>Defendant. | Case No: |

## JURY TRIAL DEMAND

Plaintiff Joan M. Flynn hereby request a jury trial as to all issues in this case.

Respectfully Submitted,

By: _____/s/_____
Mark W. Howes, Esq.
Federal Bar No. 09489
Law Offices of Mark W. Howes, LLC
1906 Towne Centre Boulevard
Suite 275
Annapolis, Maryland 21401
(410) 266-1041
(410) 266-1449 (fax)
mwhowes@markhoweslaw.com

*Counsel for Plaintiff*